UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 21-233** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **DARRIEN D JOHNSON** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM RULING

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Darrien D. Johnson ("Johnson"). See Record Document 45. The United States of America ("the Government") filed an opposition. See Record Document 50. For the reasons stated below, Johnson's motion (Record Document 45) is **DENIED**.

### BACKGROUND

On May 12, 2021, Louisiana State Police troopers stopped a vehicle in which Johnson was a passenger. See Record Document 24-3 at 1. After the troopers stopped the vehicle, Johnson fled on foot. See id. During the subsequent foot chase, he tossed a rifle and a backpack containing a Beretta pistol. See id. The troopers recovered both firearms and arrested Johnson. See id. When Johnson possessed those firearms, he knew he had prior felony convictions: a 2010 conviction for illegal use of a weapon and a 2018 conviction for domestic abuse battery. See id.

On September 23, 2021, the grand jury returned an indictment charging Johnson with Possession of Firearms by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)"). See Record Document 1. On February 11, 2022, Johnson pled guilty to the single-count indictment. See Record Documents 22. On July 8, 2022, the Court sentenced Johnson to 120

months imprisonment and three years of supervised release.[1] See Record Document 35. Johnson appealed that sentence, arguing that "the district court failed to clarify whether the sentence imposed was a Guidelines-authorized upward-departure . . . or an upward variance" and that "his sentence is substantively unreasonable." Record Document 43 at 3. The United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") affirmed the judgment. See id. On June 26, 2023, the Supreme Court of the United States denied Johnson's petition for a writ of certiorari. See Record Document 44.

On June 4, 2024, Johnson moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2] See Record Document 45. Johnson bases his challenge on the alleged ineffective assistance of his counsel in failing to appeal the constitutionality of Section 922(g)(1) as applied to him. See Record Document 45. In response, the Government contends that Johnson's claim is without merit. See Record Document 50.

## LAW AND ANALYSIS

**A. Section 2255 Standard.**

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without

---

[1] This sentence was an upward variance. See Record Document 36.

[2] Johnson's motion does not indicate that he requested an evidentiary hearing, but, in an abundance of caution, the Court finds that any such request is denied. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A court may deny a Section 2255 motion without an evidentiary hearing if "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." United States v. Harrison, 910 F.3d 824, 826-27 (5th Cir. 2018), as revised (Dec. 19, 2018). For the reasons discussed below, Johnson's claims are frivolous.

jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003); see also United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995).

**B. Ineffective Assistance of Counsel Claims.**

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must demonstrate his "counsel's performance was deficient" and "the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. Where a defendant challenges his counsel's assistance on appeal, the defendant satisfies the Strickland prongs by showing (1) that defendant's counsel "was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" (i.e., deficient performance) and (2) "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal" (i.e., actual prejudice). Smith v. Robins, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). "Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim." Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. State of La., 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

To meet the second prong of Strickland, the defendant must show counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998).

Here, Johnson asserts an ineffective assistance of counsel claim based on his counsel's failure to raise an as-applied challenge to Section 922(g)(1). Fifteen days after this Court sentenced Johnson, the Supreme Court decided New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022). In Bruen, the Supreme Court promulgated a test for determining whether a firearms regulation is consistent with the Second Amendment. See Bruen, 597 U.S. at 17, 142 S. Ct. at 2126. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." Id. Where a regulation impinges on conduct covered by the plain text of the Second Amendment, the Government "must

4

demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id.

Johnson argues his counsel should have raised an as-applied challenge to the constitutionality of Section 922(g)(1) based on Bruen. He notes that his counsel filed his appeal three months after the issuance of Bruen, which means counsel had "[a]n ample amount of time . . . to have researched the relevant facts and law and to understand that the Bruen decision abrogated the current Fifth Circuit precedent." Record Document 45 at 7. Johnson contends that the Bruen issue was "stronger than both of the issues raised on direct appeal and too important to Mr. Johnson's case not to raise." Id. at 8. Ultimately, Johnson's claim fails because he has not satisfied either Strickland prong.

To begin, Johnson has not shown his counsel's performance was deficient on appeal. The Supreme Court issued the Bruen decision after Johnson was sentenced. Therefore, any constitutionality arguments based on Bruen were not properly preserved at the district court level, and the Fifth Circuit would have applied the plain error standard of review. See United States v. Jones, 88 F.4th 571, 574 (5th Cir. 2023). In Jones, the Fifth Circuit explained that "[g]iven the absence of binding precedent holding that § 922(g)(1) is unconstitutional, and that it is unclear that Bruen dictates such a result, we have rejected plain-error challenges to § 922(g)(1) under Bruen." Id. The Fifth Circuit thus held that the Jones defendant "failed to demonstrate that the district court's application of § 922(g)(1) constitute[d] plain error." Id. For this reason, Johnson has not shown his counsel "unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." Smith, 528 U.S. at 285, 120 S. Ct. at 764. A plain error challenge to Johnson's conviction and sentence under Section 922(g)(1) would have likely failed. See Jones, 88 F.4th at

5

574. Because it was not objectively unreasonable for Johnson's counsel to fail to raise a frivolous as-applied challenge on appeal, Johnson has not satisfied the first Strickland prong.

Even assuming *arguendo* that Johnson's counsel was ineffective, Johnson likewise fails to show actual prejudice for two reasons. First, as explained above, the Fifth Circuit has routinely rejected plain error challenges to a district court's application of Section 922(g)(1), meaning Johnson's own plain error challenge would likely have been rejected as well. See Jones, 88 F.4th at 574. Second, Johnson's conviction and subsequent conviction are constitutional. The Government survives an as-applied challenge by demonstrating "that the Nation has a longstanding tradition of disarming someone with a criminal history analogous" to the defendant's criminal history. United States v. Diaz, 116 F.4th 458, 467 (5th Cir. 2024). That burden is met here.[3] Because a sufficient historical analogue exists for at least one of Johnson's prior felony convictions, an as-applied challenge to Section 922(g)(1) would have failed on appeal.[4] Had

---

[3] Founding-era "going armed" statutes "authorized forfeiture of weapons as punishment" and "punished those who had menaced others with firearms." Diaz, 116 F.4th at 470-71 (internal quotation marks omitted). Those statutes authorized permanent disarmament where an individual threatened or menaced others "with dangerous or unusual weapons." United States v. Rahimi, 602 U.S. 680, 697, 144 S. Ct. 1889, 1901 (2024). In Louisiana, "[i]llegal use of weapons . . . is the intentional or criminally negligent discharging of any firearm, or the throwing, placing, or other use of any article, liquid, or substance, where it is foreseeable that it may result in death or great bodily harm to a human being." See La. R.S. 14:94. Both the "going armed" statutes and the Louisiana illegal use of a weapon statute target the improper use of weapons to "deter violence and lawlessness[,]" and they do so in the same way: permanent disarmament. Diaz, 116 F.4th at 469 (discussing the purpose behind the "going armed" statutes). Therefore, there exists a sufficient historical analogue for at least one of Johnson's prior felony convictions. See United States v. Office, No. 24-CR-00144, 2024 WL 4965628, at *3 (W.D. La. Dec. 3, 2024) (reaching the same conclusion).

[4] Notably, Johnson seemingly relies on United States v. Bullock, 679 F. Supp. 3d 501 (S.D. Miss. 2023), rev'd and remanded, No. 23-60408, 2024 WL 4879467 (5th Cir. Nov. 25, 2024) to support his argument that Section 922(g)(1) is unconstitutional as applied to him. Bullock, the criminal defendant in that case, had prior felony convictions for aggravated assault and manslaughter. See Bullock, 2024 WL 4879467 at *1. The Fifth Circuit found that the "district court erred when it held that § 922(g)(1) violates the Second Amendment as applied to Bullock." Id. The Fifth Circuit noted that, historically, legislatures could prevent dangerous people from possessing guns and that

Johnson's counsel filed a merits brief raising an as-applied challenge to Section 922(g)(1), the result of the appeal would remain the same. Therefore, Johnson has not satisfied the second Strickland prong.

Because Johnson has not satisfied either Strickland prong for his claim of ineffective assistance of counsel, his claim lacks merit.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Darrien Johnson's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Record Document 45) is **DENIED**.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of December, 2024.

_Donald E. Walter_
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

there existed a historical "tradition of disarming individuals . . . whose underlying convictions stemmed from the threat and commission of violence with a firearm." Id. Accordingly, dispossessing an individual who had been previously convicted of aggravated assault and manslaughter fit neatly "within our Nation's historical tradition of firearm regulation." Id. at 1-2.